### DENIAL OF IMPAIRMENT OF EARNING CAPACITY GROUND FOR APPEAL.

Common Pleas Court of Defiance County.

WILLIAM DIETRICK v. THE CROWELL-LUNDOFF-LITTLE CO.

Decided, April 30, 1920.

*Workmen's Compensation—Construction of Section 1465-90—Relating to Appeal from Final Action by the Industrial Commission.*

Appeal lies from a denial by the Industrial Commission of compensation for injuries on the ground that the earning capacity of the claimant is no longer impaired.

*H. B. Mullholand,* for plaintiff.
*Day, Day & Wilkin,* of Cleveland, for defendant.

HAY, J.

The question submitted to the court in this case arises upon a demurrer to the petition.

Plaintiff, in his petition, alleges, in substance among other things, that the defendant is a corporation duly organized under the laws of Ohio, with its principal place of business in the city of Cleveland; that on and prior to October 20th, 1917, plaintiff was regularly employed by the defendant in the city of Defiance, Ohio, and in the course of his employment received certain injuries described in the petition; that thereafter plaintiff was confined to his home and remained under the care of a physician for a considerable length of time and when discharged by his physician was and still is unable to continue his regular work on account of the weakness of his right shoulder and right elbow, which weaknesses are the result of said injuries; that at the time of receiving said injuries, plaintiff was receiving wages from the defendant at the rate of 35c an hour and working six days per week; that prior to receiving said injuries plaintiff was strong and healthy and able to perform manual labor of all kinds; that at and prior to said 20th day of October, 1917, defendant had duly elected to pay compensation direct to its injured employees as provided by Section 1465-69 of the General Code of Ohio, and the Industrial Commission of Ohio duly accepted said election to so pay said employees, and that the defendant did pay said plaintiff the amounts provided by law to be paid for a period of about 21 weeks; that thereafter plaintiff and defendant could not agree as to the amounts, if any, that should be paid by defendant to plaintiff, and the matter of the payment of further compensation was duly submitted to the Industrial Commission of Ohio, and such proceedings were had that said commission at various times ordered certain amounts to be paid to plaintiff by said defendant, and said defendant paid to plaintiff all the amounts so ordered to be paid up to and including May 7th, 1919.

That plaintiff made application and all necessary reports for payment of further compensation between the dates of May 7th, 1919, and November 1st, 1919, to said Industrial Commission of Ohio, and said Industrial Commission heard said application for payment of compensation between said dates on the

31st day of December, 1919, and upon said hearing said commission ordered that further compensation be denied on the ground that plaintiff did not suffer an impairment in wages during said period—said cause being No. 54545, Section 22 on the docket of said Industrial Commission of Ohio.

That plaintiff did, during said period of May 7th, 1919, to November 1st, 1919, suffer an impairment of his wage and earning capacity and does now and will during his life suffer an impairment of his wage and earning capacity, all of which is the result of the injuries hereinbefore described, and that if his said shoulder and said elbow were well and in the condition that they were in before said injury, he would have received during said period from May 7, 1919, to November 1, 1919, at least $15 a week more than he did receive and would now be receiving at least $15 per week more than he is now receiving, and that his future earnings would be far in excess of what they will be, and would have received between said date of November 1, 1919, and the present date, at least $15 per week more than he did receive; that plaintiff is now 31 years of age and is not prepared or qualified to do work other than manual labor.

Plaintiff prays that this court and a jury may determine his rights in the premises; that it be adjudicated by a jury in this court that he has an impairment of his earning capacity from an injury received while in the course of his employment by defendant, and that he be allowed compensation according to law and for such other relief as may be proper.

The defendant demurs to the petition on the ground that the same does not state facts sufficient to state a cause of action.

In support of its contention, the defendant cites Section 1465-90 of the General Code as found on pages 322 and 323 of Vol. 108 O. L. This section provides, in part, that:

"In case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis

of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such commission, may, by filing his appeal in the common pleas court of the county wherein the injury was inflicted or in the common pleas court of the county wherein the contract of employment was made, in case where the injury occurs outside of the state of Ohio, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.''

The defendant contends that the petition in this case not only fails to show that claimant was denied further compensation on any of the grounds named in this statute, but shows affirmatively that further compensation was denied on another and different ground, to-wit, that plaintiff did not suffer impairment in wages after May 7, 1919; that the commission recognized and sustained plaintiff's right thereto and awarded him compensation covering a period of over a year and a half, but, by its last decision, refused further compensation upon the sole ground that the impairment of earning capacity resulting from the injury, had ceased. Defendant contends that the commission's refusal on this ground does not go to the basis of the claimant's right to continue to receive compensation.

Counsel for the defendant cites the case of *Snyder* v. *State Liability Board of Awards et al*, 94 O. S., 342, decided June 23, 1916. This decision seems to uphold the position taken by the defendant.

Since said decision, however, the section above referred to has been amended. This section of the General Code, as it stood at th time of the decision in the Snyder case (103 O. L., 88) did not provide the right of appeal in case of the final action of the Industrial Commission denying the right of the claimant *to continue to participate* in such fund on any of the *grounds mentioned in such section.*

Less than a year after the decision in the Snyder case, this statute was amended so that a denial of the claimant's right further to participate in the fund was made appealable on any ground going to the basis of claimant's right. (107 O. L., page 162.)

Is it not reasonable to believe that this amendment to the act was passed by the Legislature to meet just such a condition as we find in this case? In the Snyder case the court had accepted jurisdiction and allowed the claimant's compensation for a time, then evidently found that his earning capacity was no longer impaired and denied him the right further to participate in the fund.

In the final paragraph of Judge Newman's opinion in the Snyder case, the court say:

"As we view the present case, plaintiff in error, in invoking the jurisdiction of the court of common pleas, sought to have that court review the amount allowed to him by the State Liability Board of Awards. His right to participate in the fund, as we have seen, had not been denied, and the denial of this right upon one or more of the grounds set out in the statute being a condition precedent to his right to appeal to the court of common pleas, that court was therefore without jurisdiction to act in the matter, and the court of appeals was correct in so finding."

It seems to us that the question for the court to decide in this case is, whether, under this section of the code as amended, the denial by the Industrial Commission of the claimant's right to further participate in the fund or receive compensation on the ground that there is no longer any impairment of claimant's earning capacity, goes to the basis of claimant's right and renders his case appealable.

It is conceded by counsel for defendant, that if the Industrial Commission had denied claimant the right to further participate in the fund on the ground that the injury was self-inflicted, or on the ground that the action did not arise in the course of claimant's employment, that he would have a right to appeal. But counsel contends that denial on the ground that claimant's earning capacity is no longer impaired, does not go to the basis of his claim. It seems to us that a denial on such ground strikes at the very foundation of plaintiff's claim to compensation; that an impairment of claimant's earning capacity is just as vital to his claim as either of the juris-

dictional facts conceded and plainly expressed in the statute. If such be not the case, then the Industrial Commission, by finding, no matter how monstrously unjust, that the plaintiff's earning capacity is not impaired, can debar the most worthy claimant from participating in this fund, either upon his original application to participate in it, or upon a later application to continue to participate in it. If this be the law, it is time that it was so determined and the General Assembly given an opportunity to change it.

The law expressly provides that this act shall be liberally construed to carry out the purposes and object for which it was passed, and we believe that in overruling this demurrer we will be so construing the law. We are of the opinion that the amendment to this act in 1917 was passed to meet the defect shown to exist in the law by the decision in the Snyder case. We believe the decision of the Cuyahoga county court of appeals, 30 O. C. A., 166, supports our position.

The demurrer will, therefore, be overruled, and exceptions noted and the defendant granted leave to plead further by May 22, 1920.