Bookout *v.* Reynolds Mining Company.

4-8443                                                209 S. W. 2d 881

Opinion delivered April 5, 1948.

*Bob Ragsdale* and *Jno. S. Gatewood,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

GRIFFIN SMITH, Chief Justice. Omar S. Bookout was injured June 9, 1943, while employed by Reynolds Mining Corporation. Appeal is from Circuit Court's action in affirming refusal of Workmen's Compensation Commission to reopen an award, and to compensate upon the basis of total permanent disability. Section 13(a), Act 319 of 1939.

The impairment occurred when Bookout was struck by a falling boulder, causing fractures of the left ankle and right thigh bones. The right knee joint was also involved. Treatment and examinations continued for 12 months. During that time medical, surgical, and hospital expenses were paid by the employer.

November 8, 1943, Bookout was assigned new duties by Reynolds, receiving the same hourly wages as when mining. This employment continued until April 20, 1944. During the so-called healing period—in this case twenty-one weeks and four days—the employer's insurance carried paid at the maximum compensation rate of $20 per week. After November 8 such payments were continued, but were charged against a tentative presumption of permanent partial disability, finality to await findings by physicians and surgeons. This occurred June 23, 1944, when Dr. Joe F. Shuffield[1] concluded there would probably be no further appreciable improvement. His belief was that the ankle injury accounted for disability equal to 33 1/3 or 40%. Permanent malfunctioning of the right knee was thought to be 25 to 33 1/3%, affecting use of the right leg to that extent.

This information was given Bookout, who a week after discharge reported to Dr. D. T. Cheairs, medical examiner for the Commission. It was Dr. Cheairs' opinion that injury to the left ankle was equal to a sixty per-

---

[1] Dr. Shuffield is accepted in medical circles as one of the South's leading authorities as a diagnostician and bone surgeon.

cent impairment of the foot, and that the right knee injury caused a fifty percent disability to the right leg.

October 23, 1944, in consequence of personal appearances before the Commission, Bookout procured approval for settlement of his claim in a "lump sum", as provided for by § 19(j) of the Compensation Act. October 31, 1944, Liberty Mutual Insurance Company paid $2,157.19. The receipt shows that total payments of $3,588.62 were made.

Acting under § 26 of the Compensation Law, which permits review of awards within six months from termination of the compensation period, Bookout alleged the jurisdictional ground that there had been a change in his condition, and petitioned for reconsideration and classification as one permanently and totally disabled. His theory was that the two injuries, when considered together, affected bodily activity, locomotion, and utility to an extent justifying the Commission to act in disregard of that part of the compensation statute which expressly fixes benefits for loss of the use of members of the body.

During September 1944 Bookout was admitted to Army and Navy Hospital at Hot Springs and there examined. A letter from the adjudication officer shows that the patient was rated as totally disabled, beginning September 6, 1944.[2] Dr. Walter Carruthers of Little Rock made an examination. He thought Bookout was totally disabled "as far as his ability to be a miner is concerned". Testimony was given by another physician, and by neighbors who had observed the claimant's condition.

Against these views were opinions by Dr. Shuffield, who reëxamined, and by Dr. Ralph A. Law, a roentgenologist. Dr. Shuffield did not think there had been material changes in Bookout's condition subsequent to the report of June 23, 1944.

[2] The pension granted Bookout is authorized by Congress and may be payable in an amount varying from $60 to $72 per month for permanent total disability "not the result of his own willful misconduct or vicious habits and which is not shown to have been incurred in any period of military or naval service".

Appellant testified that his impairment came from the two injuries previously dealt with. He felt, however, that they were growing worse because the pain was greater, and he was not able to engage in protracted physical work.

It is affirmatively shown by the record that, although Bookout was not initially represented by an attorney, the Commission gave to the case the same unbiased consideration it would have extended if the claim had been presented by a lawyer. The issue is one of fact — fact determined against the petitioner on competent testimony given by highly skilled men who could have no purpose in minimizing degrees of disability. There is the contention that appellant relied upon Dr. Shuffield's prognosis, and that it was erroneous. The Commission believed Dr. Shuffield and Dr. Law. This they had a right to do, for the evidence was substantial. "Findings of the Commission on factual questions are as binding on the courts as are the verdicts of juries." Andrews v. Gross & Janes Tie Co., 211 Ark. 999, 204 S. W. 2d 783.

Affirmed.