MECHANICS LUMBER COMPANY *v.* ROARK.

4-9016            224 S. W. 2d 806

Opinion delivered December 5, 1949.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Digby & Tanner,* for appellee.

GEORGE ROSE SMITH, J. On September 21, 1944, the appellee fell from a ladder while at work and sustained a broken hip and a broken heel. He filed a claim under the Workmen's Compensation Act and received compensation payments for eighty-four weeks. In December, 1946, it was determined that the appellee had pernicious anemia, and in the following February he filed a claim for additional compensation. The Commission denied the second claim upon the ground that neither the original injury nor the attendant hospitalization caused or contributed to the appellee's anemia. On appeal the circuit court reversed the order and allowed the claim.

The issue before the Commission was one of fact. Four physicians testified. Dr. Shuffield had treated the appellee after his injury but had not examined the patient after it was known that he had anemia; so we do not regard Dr. Shuffield's testimony as bearing directly on the issue. Dr. Phipps, who was the appellee's physician when the diagnosis of anemia was made, testified that in his opinion the fracture or the two-month period of consequent immobilization in a cast brought about the appellee's present disease. He stated that

the cause of pernicious anemia is unknown, but he found a logical connection between a bone injury and a disease affecting the red corpuscles, for the corpuscles are formed in the bone marrow.

After the first hearing the Commission directed that the claimant be examined by two specialists, Dr. Greutter and Dr. Watson. Both these physicians reported that there was no causal connection between the original injury and the existing malady. They agree with Dr. Phipps' statement that the cause of pernicious anemia is unknown. The onset of the disease is usually a gradual process. Ordinarily it first manifests itself in people in their fifties or later periods of life. Appellee was sixty-seven when the condition was first recognized. In response to questions by members of the Commission Dr. Greutter said there is a speculative possibility that the accident or the immobilization hastened the onset of the disease, but he could not state as his professional opinion that this was a probability. Dr. Watson said that he was unable to associate the pernicious anemia with the trauma.

Thus it is seen that the testimony of the medical witnesses is in direct conflict. One finds a causal connection between the original injury and the disease. Another admits the possibility but doubts if there was in fact any connection. The third does not recognize the possibility. As we have frequently said in situations of this kind, such conflicting testimony presents a question of fact to be determined by the Commission. Had the Commission chosen to accept Dr. Phipps' theory, neither this court nor the circuit court would have had the power to set aside an award of compensation. But the Commission took the opposite view, and the courts are without authority to reverse its conclusion. *J. L. Williams & Sons, Inc.*, v. *Smith*, 205 Ark. 604, 170 S. W. 2d 82.

The judgment is reversed and the cause remanded with instructions to affirm the Commission's action.