SHAW *v.* KEESHIN POULTRY CO.

5-1091 296 S. W. 2d 400

Opinion delivered December 10, 1956.

*J. Wesley Sampier,* for appellant.

*Harper, Harper & Young,* for appellee.

MINOR W. MILLWEE, Associate Justice. On October 1954, appellant, Jess R. Shaw, filed a claim with the Arkansas Workmen's Compensation Commission seeking compensation for disability on account of an accidental injury which he allegedly sustained on or about April 15, 1953, while employed by appellee, Keeshin Poultry Company, at Rogers, Arkansas. Hearings before a single commissioner and the full Commission resulted in a finding that the injury occurred in April, 1952 rather than in 1953 as claimed by appellant, and was, therefore, barred by the two-year statute of limitations (Ark. Stats., Sec. 81-1318 a(1)). On appeal to circuit court the findings and order of the Commission dismissing the claim as filed out of time were affirmed.

Is the Commission's finding that the injury occurred in April, 1952, supported by sufficient competent evidence? That is the sole issue.

It is undisputed that appellant sustained an injury to his leg when he fell from a truck while assisting other employees in loading it with coops on the occasion in question, and that he continued to work thereafter until September 4, 1954. Appellant's foreman, James O. Shad-

dox, was at the plant when the accident occurred. He testified he hired appellant in March, 1952, and the accident happened about two or three weeks later; that appellant fell from a Reo truck which became "tail-heavy" when fully loaded; and that the company traded the Reo truck for a White truck, which had a longer wheel base, in August, 1952. Max Elliott, another employee, who was present at the time, gave testimony similar to that given by Shaddox. Frank Hall, manager of the poultry plant, testified from company records that appellant worked more or less continuously from March, 1952 until September 4, 1954; and that the company traded the Reo truck in for the White truck on August 25, 1952.

The testimony of Shaddox and Elliott was corroborated by that of appellant's witness, Dr. Coy Kaylor, who stated that he treated appellant in 1954 when the latter gave him a history of having fallen from the truck on or about April 15, 1952, and that he did not see a doctor until about a year later.

Appellee testified the injury occurred on or about April 15, 1953, when he fell from the White truck. Several of the appellant's fishing and hunting companions testified they noticed him limping from an injury on trips in 1953 but observed no such indications on similar trips in 1952. Two former fellow employees, who were not present at the time of appellant's injury, stated it happened a few weeks before a fire which occurred at the plant on June 14, 1953.

The date of appellant's injury was purely a question of fact to be determined by the Commission on sharply disputed evidence. Under our settled rule the Commission's finding on this issue will not be disturbed on appeal when supported by substantial evidence. *J. L. Williams & Sons, Inc.* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82; *Mechanics Lumber Co.* v. *Roark,* 216 Ark. 242, 224 S. W. 2d 806. While we are mindful of the rule that a broad and liberal construction should be accorded the Workmen's Compensation Law, and doubtful cases resolved in

favor of compensation, we are unable to say the Commission's finding is unsupported by sufficient competent evidence. The judgment of the circuit court is, therefore, affirmed.