LOONEY v. SEARS ROEBUCK.

5-3035                                                              371 S. W. 2d 6

Opinion delivered September 16, 1963.

[Rehearing denied October 28, 1963.]

*Lester E. Dole, Jr.,* for appellant.

*Gaughan & Laney,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a workmen's compensation case. The appellant, Mrs. Looney, was an employee of appellee, Sears Roebuck and Company, at Camden, and received an injury which arose out of and in the course of her employment. Compensation was awarded by the Commission; but on this appeal Mrs. Looney presents two issues: (a) that she was entitled to a greater percentage of disability than was awarded; and

(b) that the Commission should not have allowed Sears to take credit for certain wage payments.

I. *The Percentage Of Disability.* On May 4, 1957 Mrs. Looney received an injury which ultimately resulted in phlebitis in her left leg. A number of physicians testified, and from such testimony the Commission concluded that Mrs. Looney had suffered permanent partial disability of 30% to the body as a whole. Mrs. Looney insists that the preponderance of the evidence shows that her disability is at least 50% to the body as a whole. On appeal to this Court in a case like this one we are not concerned with the *preponderance of the evidence:* rather, we are concerned with whether there was *substantial evidence* to support the award made by the Workmen's Compensation Commission. See *Ark. Workmen's Comm.* v. *Sandy, infra.* A review of the evidence shows that there is substantial evidence to support the finding of the Commission. Dr. H. Reichard Kahle, an expert of New Orleans, Louisiana, stated that Mrs. Looney had a disability of 30% to the body as a whole; and such testimony is substantial evidence.

It is true that other physicians stated that Mrs. Looney had a greater percentage of disability than that stated by Dr. Kahle; but his testimony was substantial and the Commission had the right to follow his testimony, rather than that of some of the other experts. In *Ark. Workmen's Compensation Comm.* v. *Sandy,* 217 Ark. 821, 233 S. W. 2d 382, we said:

"This court has held that the degree of disability suffered by an injured employee is a factual question to be determined from the evidence in the case. *Caddo Quicksilver Corporation* v. *Barber,* 204 Ark. 985, 166 S. W. 2d 1; *Bookout* v. *Reynolds Mining Company,* 213 Ark. 198, 209 S. W. 2d 881. In the instant case, the medical testimony as to the extent of claimant's disability was conflicting, and the Commission evidently chose to accept the report of Dr. Cheairs. The courts are without authority to reverse the conclusion of the Commission in this regard. *Mechanics Lumber Company* v. *Roark,* 216 Ark. 242, 224 S. W. 2d 806. On the whole case, there is substan-

tial evidence to support the Commission's finding of fact, and the Circuit Court erred in setting aside the order of the Commission.''

We find no merit in the first point urged by Mrs. Looney.

II. *Deductions Allowed Sears For Excess Of Wages Over Compensation.* This point has given us serious concern. Mrs. Looney received her original injury on May 4, 1957. She was absent from work until July 29, 1957, when she resumed work. During said absence, Sears paid her full wages, which amounted to $601.73 more than her workmen's compensation payments would have been. This excess of $601.73 is here involved. Mrs. Looney resumed work in July, 1957, and worked until December 10, 1958, when her illness necessitated further rest. Sears paid her full wages from December 10, 1958 until March 1, 1959, which wages were $690.22 more than her workmen's compensation payments would have been; and this excess of $690.22 is also here involved.

When Mrs. Looney wrote Sears in February 1959, offering to return to work, Sears advised her that her place had been filled, and that she was no longer employed. Thereafter, she received only workmen's compensation payments of $35.00 per week instead of wages. When the Workmen's Compensation Commission made the award to Mrs. Looney, the Commission allowed Sears to take credit against such award for the said $601.73 and the said $690.22 previously mentioned, and making a total credit of $1,291.95. Mrs. Looney insists that Sears is not entitled to deduct the said $1,291.95 from the amount of the workmen's compensation award due her; and we agree with Mrs. Looney on this point.

In allowing Sears to take credit for the $1,291.95, the Workmen's Compensation Commission was proceeding under the authority of *Lion Oil Co.* v. *Reeves,* 221 Ark. 5, 254 S. W. 2d 450. But the facts in the case at bar do not bring this case within the holding in *Lion Oil Co.* v. *Reeves.* In that case, Lion paid Reeves during his injury period certain amounts ''aggregating full wages''; and

Lion was allowed to receive credit for the excess of the amount paid over what the workmen's compensation payments would have been for the period. The reason this Court allowed Lion such credit is found in this sentence in the opinion: "It is highly improbable that Reeves thought the excess payments he received were gratuities, and certainly the oil company was endeavoring to provide for the worker's current needs." In the case at bar, the excess of wages paid over workmen's compensation payments for the same period was specifically intended by Sears as a *gratuity*. Here is the testimony of Sears' witness and manager on this point:

"Q. Do you know why these overages were paid?

"A. Under company policy we normally, when someone is injured, pay them full salary for a period to see how they get along, in excess of the statutory requirements as we would in an illness case.

"Q. Then, if the person comes back to work, what disposition is made of the overage?

"A. None.

"Q. In other words, it is just a gratuity to them?

"A. Yes."

Since the excess of wages over compensation as received by Mrs. Looney, was intended by Sears as a *gratuity,* Sears cannot now be heard to claim otherwise in the teeth of the quoted testimony. It was not until Mrs. Looney offered to return to work in February 1959 that Sears ceased paying wages and started workmen's compensation payments of $35.00 per week, effective March 1, 1959. To allow Sears to now claim credit for the said excess of $1,291.95 would, in effect, be to allow Sears to recover payments it voluntarily made. The quoted testimony above clearly distinguishes the case at bar from that of *Lion Oil Co.* v. *Reeves.*

And for future guidance in such cases, we think it wise to now limit the holding of *Lion Oil Company* v. *Reeves* to its own particular facts. We hold that under

Ark. Stat. Ann. §81-1319(m) (Repl. 1960), it is only ''advance payments of compensation'' for which the employer is entitled to reimbursement; and we make a clear distinction between ''payment of wages'' and ''advance payments of compensation.'' When an employer continues to pay salary or wages to an injured employee during any time of injury, and such payments are in excess of workmen's compensation benefits, then when a workmen's compensation award is subsequently made, the excess of the wages paid over the weekly compensation award cannot be deducted from the award. The policy of employers to pay an injured employee the prevailing wage scale while inactive during an injury period is in line with the modern concepts of employer-employee relation and is to be encouraged, but the employer cannot make such payments and later claim credit for the excess as against an award made.

It follows, therefore, that the Commission was in error in allowing Sears to deduct $1,291.95 from the disability payments to be made to Mrs. Looney; and for such error the judgment of the Circuit Court is reversed and the cause is remanded to the Circuit Court with directions to remand to the Commission to correct such error in the award and in the attorneys' fees calculated on it.