### POTLATCH FORESTS, Inc. v. INTERNATIONAL WOODWORKERS OF AMERICA et al.

### No. 1808.

United States District Court,
D. Idaho, N. D.
July 25, 1951.

Woodworkers of America and its affiliated locals have been designated and certified by the National Labor Relations Board as the sole and exclusive bargaining agent of the production and maintenance employees of the Potlatch Forests, Inc. It appears that a certain collective bargaining agreement was entered into between the plaintiff and defendant Union covering all of the production and maintenance employees of the plaintiff. Among other things the agreement provided for a certain increase in wage rates for the purpose of financing and paying for an employees' benefit program. Thereafter the plaintiff deducted from each and every maintenance and production worker certain amounts to pay for the above mentioned benefit program. The Union as bargaining agent entered into a contract with the John Hancock Mutual Life Insurance Company for group insurance covering said employees and thereafter under the instructions of said Union, the plaintiff paid out certain moneys to certain physicians and to the said Insurance Company according to the terms of the said benefit program.

On or about the 6th of September 1950, plaintiff was served with a demand signed by 109 of its employees, defendants herein, requesting that no further deductions be made from their earnings for the health and welfare program and that said sums heretofore deducted be returned to them immediately.

The plaintiff filed a complaint for a declaratory judgment.

It appears to the Court under the National Labor Relations Act, that the plaintiff as an employer is required to bargain with the Union designated as the bargaining agent, with respect to rates of pay, wages, hours of employment and other conditions, which conditions include a company financed health and welfare program.

From a study of the Act involved and the numerous cases involving this and like questions, it appears to the Court that the Union, once selected as the bargaining agent, has the authority under the Act to enter into trade agreements set-

Elder & Elder, Coeur d'Alene, Idaho, for plaintiff.

William A. Babcock, Portland, Or., W. B. Bowler, Boise, Idaho, for defendants.

CLARK, District Judge.

This matter was submitted to the Court on a stipulation of facts entered into by all the parties who appeared in the action. The stipulation of facts was filed on April 25, 1951, and thereafter briefs were filed and presented to the Court on behalf of all parties in the action.

A study of the stipulation of facts and briefs of respective counsel was made by the Court.

Briefly stated, it appears from the stipulation that the Potlatch Forests, Inc., is a corporation existing under the laws of the State of Maine, and authorized to do business in the State of Idaho, and is engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U. S.C.A. § 151 et seq., that International

908

ting up benefits such as group insurance, such agreements may provide for the deductions necessary to finance such benefits. I cannot agree with the defendant employees that a portion of their wages is being taken away. In the first instance there was a provision for an increase for the specific purpose of financing the employees' benefit program. It may be referred to, and probably was, as an increase in wages, however, there was an understanding between the employer and the bargaining agent that the amount of increase in this instance was to finance said program. The complaining employes have sustained no loss in wages by reason of the contract, on the contrary they have gained all the benefits provided by the employees' benefit program. They cannot now say they are entitled to wages in lieu of such benefits.

The Court is of the opinion that the request of the plaintiff for declaratory judgment as contained in its complaint should be granted and counsel for the plaintiff is directed to prepare the necessary findings of fact, conclusions of law and judgment, serve copy on opposing counsel and submit the original to the Court for its consideration.