EMERSON ELECTRIC *v.* Donald CARGILE

CA 82-3                                      633 S.W.2d 389

Court of Appeals of Arkansas
Opinion delivered May 26, 1982

124

*Croxton & Boyer,* by: *Ronald L. Boyer,* for appellant.

*Evans, Ludwig & Evans,* by: *James E. Evans, Jr.,* for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Emerson Electric, brings this appeal from a decision of the Arkansas Workers' Compensation Commission which refused to allow it a setoff against an award for a compensable injury under the Arkansas Workers' Compensation Act in the amount of privately insured disability benefits paid to the appellee, Donald Cargile.

Emerson made group medical and disability insurance available to its employees. The full premium for the insurance was paid by the employee through payroll deductions. Emerson made no contributions to the premiums. The appellee, who was employed by Emerson, subscribed to the group insurance and was issued a group policy. He subsequently received an injury, the compensability of which was denied by Emerson. During the pendency of his claim before the Workers' Compensation Commission the appellee made claim under his private group insurance and received direct payments from the carrier in the amounts of $2,227 for medical expense and $1,606 in weekly disability benefits.

Before the Commission the appellee contended that he received a compensable injury while in the employ of

Emerson. Emerson contended that his injury was not compensable, but if it were, Emerson was entitled to set off against the compensation award all amounts of medical expense and disability paid to Cargile under the group policy. The Commission found that the injury was compensable and awarded full benefits under the Act, allowing the setoff for medical expenses but denying any setoff for disability payments. The appellant appeals only from the Commission's determination that appellant could not set off the private disability benefits. We agree with the appellee that there was no error in the award.

Ark. Stat. Ann. § 81-1319 (m) (Repl. 1976) reads:

Credit for compensation or wages paid. If the employer has made *advance payments of compensation* he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due. If the injured employee receives full wages during disability he shall not be entitled to compensation during such period. (Emphasis supplied)

Under this section if Emerson made *advance payments of compensation* to the appellee then credit should have been allowed. If the payment received by appellee was anything other than advance payment of compensation then the award of the Commission was correct. *Southwestern Bell Telephone Co.* v. *Siegler*, 240 Ark. 132, 398 S.W.2d 531 (1966).

The general rule is set out in *Larson's Workers Compensation Law*, § 97-51 as follows:

As to private pensions or health and accident insurance, whether provided by the employer, union, or the individual's own purchase, there is ordinarily no occasion for reduction of compensation benefits.

Our court in *Southwestern Bell Telephone Co.* v. *Siegler,* supra, adopted the rule cited by Larson insofar as it dealt with health and accident insurance provided by the employer. In that case the employer provided a "Plan"

which included disability payments to an injured employee during his period of disability. The company fully funded the "Plan" and the employees made no contribution to it. The "Plan" did not contain any indication that benefits received under it were to be treated as advance payments of compensation. The employer contended that it should be allowed a setoff against the worker's compensation award for any amounts paid the employee under the "Plan."

The court commented that in the absence of any designation in the "Plan" itself, the monies received by that employee might have been wages, gratuities, benefits or advance payment of compensation, and until the company showed that under the "Plan" such payment "could have been nothing except advance payment of compensation the company failed to establish its case." The court held that only where the employer clearly establishes that the sums paid or provided by it to an injured employee are advanced payments of compensation could it be entitled to any offset. In all other instances the employee could recover the full amount of his disability benefits provided by the Act.

No cases have been cited to us in which our court has addressed the question of whether or not benefits paid under private insurance may be considered advance payments for compensation. We conclude that the sounder rules to apply are that where the insurance, whether private or company administered, is provided and funded by the employer the rule announced in *Southwestern Bell Telephone Company,* supra, should be followed and the employer afforded the right to show, if he can, that the payments were "payments of compensation in advance." But where, as here, the employer does no more than to make the group coverage available at the employee's sole expense, no setoff should be allowed. Since the policy of insurance issued to the employee at his sole expense is a matter of private contract it could not affect the rights of the injured employee to recover under the compensation law or be considered as payments of compensation in advance. Under our statute only compensation paid in advance may be setoff against an award. *Southwestern Bell Telephone Co. v. Siegler,* supra. We

conclude that private insurance procured by the employee does not come within that provision of our statute.

We affirm.