RIVERSIDE FURNITURE CO. *v*. Kurt LOYD

CA 92-689                                        852 S.W.2d 147

Court of Appeals of Arkansas
Division II
Opinion delivered April 28, 1993

*Harper, Young, Smith & Maurras*, by: *Tom Harper, Jr.*, for appellant.

*David H. McCormick*, for appellee.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case was employed by the appellant, Riverside Furniture Company, as a lead man. His duties included pushing carts loaded with lumber inside the factory. The appellee filed a claim for benefits alleging that he sustained a compensable back injury on April 12, 1990, while pushing a loaded cart on rough pavement. After a hearing, the administrative law judge found that the appellee sustained a compensable injury, and that the appellant was not entitled to credit for private insurance benefits paid to the appellee as a result of his injury. The appellant appealed to the Arkansas Workers' Compensation Commission which likewise found that the appellee's injury was compensable, but reversed the law judge by finding that the appellant was entitled to credit for the private insurance benefits. From that decision, comes this appeal in which the appellant seeks reversal of the Commission's finding that the appellee sustained a compensable injury, and the appellee cross-appeals, challenging the Commission's finding that the appellant was entitled to credit for the private insurance benefits paid to the appellee. We affirm on appeal, but reverse on cross-appeal.

The appellant contends that the Commission erred in finding that the appellee suffered a compensable injury and that the

appellee notified his employer of the injury. We do not agree. The appellee testified that, on April 12, 1990, he injured his back when the cart he was pushing became stuck on rough pavement and that David Millsap, a co-worker, helped him push the load the rest of the way. He further stated that he reported the injury to Rick Standridge, his assistant foreman, and went to the doctor on April 16, 1990, because his back gradually kept getting worse. The appellee stated that he told his physician, Dr. Barron, that he hurt his back at work but that the employer was not going to pay for it. He further stated that, at the time of his injury, he filed claims with his private insurance carrier at work. The appellee testified that he initially checked off the box indicating that the injury was work related, but changed it after the secretary called him in and said the company would not accept that. The appellee also stated that, while at work on August 27, 1990, his back "popped" after he sneezed; he stated that he reported this to the assistant foreman, and called his wife who took him to the hospital. He was then treated by Dr. Haines, who kept him off work and performed disc surgery on October 9, 1990. The appellee stated that he returned to work December 17, 1990.

David Millsap, a co-worker, testified that he recalled an incident last year when the appellee grabbed his back, could not push the load, and was helped by Mr. Millsap, although he did not remember the date on which this incident occurred.

Rick Standridge, the appellee's assistant foreman, testified that he could not remember the appellee reporting a job-related injury to him, but conceded that it was possible that the appellee reported an injury that he did not remember, and that he could not say with any sort of certainty whether the appellee did or did not report any injury to him on April 12.

For reversal, the appellant cites testimony from the hearing that contradicts the testimony of the appellee, and argues that these contradictions render the appellee's testimony so insubstantial that reasonable persons could not believe it. We regard this argument as no more and no less than an invitation to reverse the Commission's determination regarding the credibility of the witnesses, and to weigh the evidence to determine where the preponderance lies. We are unable to do so, however, because questions concerning the credibility of witnesses and the weight

to be given their testimony are within the exclusive province of the Commission. *Robinson* v. *Ed Williams Construction Company*, 38 Ark. App. 90, 828 S.W.2d 860 (1992). As the appellant concedes in its brief, the appellee's testimony provided evidence that he injured his back at work on April 12, 1990, and that he reported that injury to Mr. Standridge. Although the appellant characterizes this testimony as "self-serving," the Commission found it credible, and once the Commission has made its decision on issues of credibility, we are bound by that decision. *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988). As the appellant notes, there are contradictions in the evidence, but it is likewise within the Commission's province to reconcile conflicting evidence and determine the true facts. *Jackson Cookie Company* v. *Fausett*, 17 Ark. App. 76, 703 S.W.2d 468 (1986). We hold that the Commission's findings of compensability and proper notice are supported by substantial evidence, and we affirm on direct appeal.

On cross-appeal, the appellee argues that the Commission erred in deciding that the appellant was entitled to a credit for private insurance benefits.

As a general rule, there is ordinarily no reduction of compensation benefits because of payments made from private pensions or health and accident insurance, whether provided by the employer, union, or the claimant himself. However, the employer may be entitled to a setoff where the employer clearly establishes that (1) the claimant has received payments from insurance provided by the employer; and (2) sums paid to the injured employee were intended as advance payments of compensation. *See Varnell* v. *Union Carbide*, 29 Ark. App. 185, 779 S.W.2d 543 (1989). Only where the employer clearly establishes that sums paid to an injured employee are advance payments of compensation is the employer entitled to any setoff; in all other situations, the employee recovers the full amount of his disability benefits provided under the Workers' Compensation Act. *Varnell* v. *Union Carbide, supra.*

In *Emerson Electric* v. *Cargile*, 5 Ark. App. 123, 633 S.W.2d 389 (1982), we concluded that:

> *[W]here the insurance*, whether private or company administered, *is provided and funded by the employer* the

rule announced in *Southwestern Bell Telephone Company* [ v. *Siegler*, 240 Ark. 132, 398 S.W.2d 531 (1966)] should be followed and the employer afforded the right to show, if he can, that the payments were 'payments of compensation in advance.'

[Emphasis supplied.]

The appellee argues that there was insufficient evidence to show that the insurance was provided and funded by the employer as required by *Emerson Electric, supra*. We agree. Our review of the record in the case at bar reveals no evidence to show that the employer paid the premiums for or contributed in any way to providing the private insurance which gave rise to the payments in the case at bar. In the absence of such evidence, the employer has failed to show entitlement to setoff for advance payments of compensation, *see Emerson Electric, supra*, and we need not address the question of whether the parties intended the insurance payments as advance payments of compensation.

Affirmed on direct appeal; reversed on cross-appeal.

MAYFIELD and ROGERS, JJ., agree.