WAL-MART STORES, INC. *v*. Brenda VanWAGNER

CA 97-1285 977 S.W.2d 487

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered October 28, 1998

*Bassett Law Firm*, by: *Curtis L. Nebben*, for appellant.

*McKinnon Law Firm*, by: *Laura J. McKinnon*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee in this workers' compensation case filed a claim alleging that she sustained a compensable injury to a prosthetic appliance on November 25, 1994, when she slipped at work and ruptured a silicone breast implant. After a hearing, the Commission found that appellee had sustained such an injury and awarded medical expenses for the replacement of the implant; temporary total disability benefits from August 16, 1995, through September 5, 1995; and statutory attorney's fees. From that decision, comes this appeal.

For reversal, appellant contends that there is no substantial evidence to support the Commission's finding that appellee sustained a compensable injury to her right breast implant on November 25, 1994. We find no error, and we affirm.

In determining the sufficiency of the evidence to support the findings of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substan-

tial evidence. *American Greetings Corp. v. Garey*, 61 Ark. App. 18, 963 S.W.2d 613 (1998). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Nelson v. Timberline International, Inc.*, 57 Ark. App. 34, 942 S.W.2d 260 (1997). The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Min-Ark Pallet Co. v. Lindsey*, 58 Ark. App. 309, 950 S.W.2d 468 (1997).

Viewing the evidence, as we must, in the light most favorable to the Commission's findings, the record shows that appellee was a forty-year-old woman employed in appellant's bakery. Appellee had previously received silicone breast implants following mastectomy surgeries. She slipped on a wet floor at work in November 1994 and fell against a 300-pound machine with enough force to move the machine, taking the impact on her right breast. Later surgery showed that the right implant had ruptured; the left implant remained intact.

 Appellant argues that the Commission's opinion is not supported by substantial evidence because appellee's testimony lacked credibility, and because appellee's physicians testified that "there was no way to prove" that the injury to appellee's implant was caused by her accident on November 25, 1994. We do not agree. First, the question of appellee's credibility and the weight to be given her testimony are matters within the exclusive province of the Commission. *Riverside Furniture Co. v. Loyd*, 42 Ark. App. 1, 852 S.W.2d 147 (1993). Where, as here, the Commission finds a claimant's testimony regarding the manner in which an injury occurred and was reported to be credible, that constitutes substantial evidence that the events took place as described. *Id.* Second, the weight to be given medical testimony is for the Commission to determine, *Carter v. Flintrol, Inc.*, 19 Ark. App. 317, 720 S.W.2d 337 (1986), and the Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997). Here, the Commission rejected the medical opinions and decided that the sequence of events was sufficient legal proof that appellee's injury

had been caused by her fall at work. The Commission concluded that:

> [None of the doctors] can state that the implant was ruptured on November 25, 1994, when the claimant fell against the proofing machine. In fact, the claimant herself cannot state that the implant was ruptured. However, in looking at the totality of the circumstances, the claimant has proven by a preponderance of the evidence that that is exactly what happened. She stated she fell against the proofing machine, it dislocated the breast implant slightly, she reported the incident to Dr. Moffitt and was referred to Dr. Alderson. Dr. Alderson could not state that the breast implant had been ruptured until such time as he opened her chest. Once he did, he found the right implant had been ruptured. [T]his is proof by a preponderance of the credible evidence of cause and effect.

We cannot say that the Commission erred in so finding. Appellee's injury was established by medical evidence supported by objective findings by virtue of Dr. Alderson's observation during surgery that the right implant had ruptured while the left implant remained intact. *See Daniel v. Firestone Building Products*, 57 Ark. App. 123, 942 S.W.2d 277 (1997) (physician's direct observation of fibrous mass satisfied the requirement that a compensable injury must be established by medical evidence supported by objective findings). That having been done, it was unnecessary to offer medical evidence to prove the causal connection between the accident and the injury. *Aeroquip, Inc. v. Tilley*, 59 Ark. App. 163, 954 S.W.2d 305 (1997) (claimant not required to present medical evidence to show that his back injury, which was established by objective medical evidence, occurred as a result of his work accident). We think that reasonable minds could conclude, as the Commission did, that the sequence of events in the case at bar established a causal connection between the accident and the injury by a preponderance of the evidence, and we hold that the Commission's decision is supported by substantial evidence.

Affirmed.

ROBBINS, C.J., AND ROGERS, STROUD, AND ROAF, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. I dissent from the result announced by the majority opinion because I do not believe that the medical opinions in the record rise to the standard required to establish a compensable injury. Therefore, I would reverse the Commission.

It is undisputed that appellee was examined by Dr. Moffitt on November 25, 1994, the date she contends that she slipped on water, fell against a proofer machine, landed primarily on her right chest, and displaced and ruptured the breast implant that was in her right breast. Although appellee reported increased right shoulder pain because of the November 25 incident and complained about bruising on her anterior chest, Dr. Moffitt found no bruising on her anterior chest. He continued treating appellee for the right shoulder injury that her employer accepted as compensable. On June 20, 1995, Dr. Moffitt noted that appellee questioned whether the displacement of the right breast implant was related to the November 25, 1994, incident. Dr. Moffitt told appellee that he saw no relationship between the right breast implant displacement and the November 25, 1994, incident. Nevertheless, he referred appellee to Dr. Roger Alderson, a plastic surgeon, for evaluation of the breast implant condition. Dr. Alderson examined appellee and eventually performed an explantation of the silicone breast implants in both of appellee's breasts on August 16, 1995. In doing so, he found that the right breast implant had ruptured, and that the left implant was not ruptured. While admitting that the November 25, 1994, injury "may have been the cause of the malposition of the implant, and therefore may have been the cause of the rupture of the implant," Dr. Alderson concluded that "there is no way to prove that . . . ."

I do not understand how a party having the burden of proving that a breast implant rupture occurred within the course and scope of her employment carries that burden based on proof that amounts to nothing more than this. Compensation awards are supposed to be based on findings that claimed injuries have been actually caused by the employment. This requires, at minimum,

proof that an injury actually arose out of the employment, not that the injury theoretically could have arisen out of the employment, even if a medical expert either does not believe it did or cannot decide whether it did. Here, the Commission held that appellee proved by a preponderance of the evidence that her right breast implant was displaced and ruptured because of the alleged incident on November 25, 1994. Appellant has, quite properly, challenged that decision and award on the legal ground that it is not supported by substantial evidence, arguing that the medical-opinion evidence was insufficient to establish causation under any reasonable analysis.

The issue is not whether appellee's right breast implant ruptured. That fact was established by Dr. Alderson's observation when the right implant explantation was done. It is undisputed that the right implant ruptured. What was disputed and for appellee to prove was whether the rupture was caused by her employment. Because the cause of a breast implant rupture is not ordinarily within the competence of lay witnesses, medical-opinion testimony on this issue was vital. If the physicians who examined and treated appellee are unable and unwilling to believe and say that the November 25, 1994, incident caused the displacement and rupture of her right breast implant, I do not see how reasonable minds can find that the incident caused the displacement and rupture, let alone that appellee proved it. Thus, I would reverse the award.