DEATH and PERMANENT DISABILITY TRUST FUND *v.* Chris ANDERSON (*Deceased*), *Employee*; City of Hot Springs, *Employer*; and Arkansas Municipal League Workers' Compensation Trust, *Carrier*

CA 03-255                                              125 S.W.3d 819

Court of Appeals of Arkansas
Division I
Opinion delivered October 22, 2003

---

*David L. Pake*, for appellant.

*J. Chris Bradley*, for appellee Municipal League Workers' Compensation Trust.

SAM BIRD, Judge. The Death and Permanent Total Disability Trust Fund brings this appeal from a decision of the Workers' Compensation Commission involving the interpretation of the statutory term "full-time student." Arkansas Code Ann. § 11-9-527(d)(2) (Repl. 2002) directs that benefits to an otherwise eligible child of a deceased employee "shall not terminate at the age of eighteen (18) years provided the child is a full-time student who has not attained the age of twenty-five (25) years." The Commission interpreted the statute to mean that benefit payments to an otherwise eligible student should not be suspended during summer breaks after

commencement of college even when the "full-time student" does not attend summer sessions on a full-time basis. The decision of the Commission is affirmed.

Chris Anderson, the deceased claimant in this case, was a police officer who sustained a fatal work-related injury on February 12, 1996. His widow and his daughter, claimant Amanda Anderson, were eligible for workers' compensation benefits at the time of his death. Under Ark. Code Ann. § 11-9-502(b)(1) and (2) (Repl. 2002), when appellees City of Hot Springs and Arkansas Municipal League Workers' Compensation Trust have paid $75,000 in benefits, appellant Death and Permanent Total Disability Trust Fund becomes obligated to pay any further weekly benefits.[1]

This case arose from Amanda's claim for benefits in the summers between her sessions of full-time college enrollment after she was eighteen. The Arkansas Municipal League Workers' Compensation Trust (Municipal League) supported her claim, while the Death and Permanent Total Disability Trust Fund (Trust Fund) contended that she should be denied benefits during summers in which she was not enrolled as a full-time student.

A hearing was held before the administrative law judge to decide whether Amanda was entitled to weekly benefits continuously throughout the year, without suspension of benefits in the summers. The parties stipulated that Amanda had reached her eighteenth birthday on March 3, 1997, while she was in her last year of high school. They also stipulated that she was entitled to weekly dependent benefits for the following periods of time:

---

[1] Ark. Code Ann. § 11-9-502 (Repl. 2002), addressing limitations on compensation, states in pertinent part:

(b)(1) ... [T]he first seventy-five thousand dollars ($75,000) of weekly benefits for death or permanent total disability shall be paid by the employer or its insurance carrier in the manner provided in this chapter.

(2) An employee or dependent of an employee who receives a total of seventy-five thousand dollars ($75,000) in weekly benefits shall be eligible to continue to draw benefits at the rates prescribed in this chapter, but all benefits in excess of seventy-five thousand dollars ($75,000) shall be payable from the Death and Permanent Total Disability Trust Fund.

February 13, 1996, through May 22, 1997, which was the date that she graduated from high school;

August 27, 1997, through May 14, 1998, when she was a full-time student at Henderson State College;

August 24, 1998, through May 14, 1999, when she was a full-time student at Garland County Community College;

August 23, 1999, through June 30, 2000, (which included first-session summer school) when she was a full-time student at Garland County Community College;

August 21, 2000, until December 15, 2000, when she was a full-time student at Garland County Community College until she graduated.

At the conclusion of the hearing, the law judge ruled that Amanda was entitled to dependency benefits for the summer breaks when she was not attending college as a full-time student "between the commencement of her secondary education[2] beginning August 27, 1997, through her graduation of December 15, 2000."

The Trust Fund appealed the law judge's decision to the Workers' Compensation Commission. The Commission re-manded the case to the law judge for further development of issues, including whether the Trust Fund should credit the benefits paid by the Municipal League during the time periods in question against the limitations imposed by Ark. Code Ann. § 11-9-502. The law judge's second opinion incorporated the stipulations of his first opinion. In the second opinion, the law judge concluded:

In the absence of a clear definition in the Arkansas Workers' Compensation Act, I am not willing for respondent No. 2, the Fund, to take a credit against its ultimate liability for those benefits paid by respondent No. 1 [the Municipal League] to Amanda Anderson during those summer sessions when she was either not

---

[2] It is clear that this reference is not to Amanda's secondary education but to her post-secondary education, which began with her first semester of college on August 27, 1997. "Secondary school" is defined as a school that is intermediate in level between elementary school and college. . . . *The American Heritage College Dictionary* 1253 (4th ed. 2002).

enrolled or was not taking sufficient hours to classify her as a "full-time student" according to the college handbook or catalog.

The Trust Fund appealed this decision regarding the credit issue, and the Commission affirmed and adopted the law judge's decision. The Fund now appeals the decision of the Commission.

## Point on Appeal

The Trust Fund raises one point on appeal, contending, as it did below, that the Municipal League was not entitled to credit for benefits paid to Amanda when she was not classified as a full-time student according to the college catalog or handbook. The provisions of our workers' compensation law are to be strictly construed. Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2002). Strict construction is a narrow construction, requiring that nothing be taken as intended that is not clearly expressed. *Wheeler Constr. Co. v. Armstrong,* 73 Ark. App. 146, 41 S.W.3d 822 (2001). The doctrine of strict construction is to use the plain meaning of the language employed. *Id.* In considering the meaning of a statute, the appellate court will construe it just as it reads, giving the words their ordinary and usually accepted meaning. *Nelson v. Timberline Int'l, Inc.,* 332 Ark. 165, 964 S.W.2d 357 (1998).

## Discussion

The Commission, adopting the decision of the law judge, addressed the Trust Fund's argument that the statutory definition of "full-time student" is dependent on the classification of "full-time student" according to an individual college's handbook or catalog. The Commission rejected this approach, reasoning as follows:

> The problem which arises from ... using that particular college or university's handbook or catalog to define a "full-time student," is that there is no uniformity of that definition from institution to institution. This gives rise at least to the potential for some students drawing benefits while others may not, resulting again, potentially, for the unequal treatment of one student as opposed to another.

The Trust Fund argues that this reasoning is faulty on several bases: first, that no evidence shows that the definition of "full-time student" differs among educational institutions; second, that even if so, no

equal-protection argument exists because payment of benefits is contingent upon obtaining the status of a category known as "full-time student"; third, that decisions must be made on a case-by case basis; and fourth, that all educational institutions would agree that Amanda would not be considered a "full-time student" for the summer sessions when she did not attend at all. The Fund relies upon various documents, including a June 27, 2001, letter from the assistant registrar for Garland County Community College, which sets forth student classifications as shown in the college's general catalogue:

> Full-Time Student—Students enrolled in 12 or more student semester hours in the Fall or Spring semester, or six hours in the Summer Sessions, are considered full-time students.

> Part-Time Student—Students enrolled in eleven or less semester hours in the Fall or Spring Semesters and less than six hours in the Summer Sessions are considered part-time students.

The Fund contends that the clear legislative intent of section 11-9-527(d)(2) is to provide financial assistance to those dependents who, by virtue of their full-time student status, cannot work. The statute must be interpreted, according to the Fund, to mean that a dependent over eighteen years of age should be a full-time student twelve months of the year if she chooses to attend further schooling in lieu of embarking on a work career. The Fund argues that it is just as likely to assume that Amanda's father would have insisted that she work during the summers when she was not attending college full-time as to assume that he would have supported her for those times. It complains that Amanda did not choose to attend summer school full time when she could have chosen to do so. Noting that she earned $130 weekly for twenty hours' work while attending a summer session part time, the Fund argues that Amanda's income could have been even greater during the semesters she did not attend school at all. The Fund argues that workers' compensation benefits become nothing more than unemployment compensation insurance if a dependent is over eighteen, is not going to school full-time, and is available for employment.

The Municipal League responds that the ordinary and usually accepted meaning of "full-time student" is one who during the regular school year attends class and makes normal academic progress with passing grades towards a degree. The League argues

that the traditional two-semester school term, based on our agrarian economy and especially in this state, includes the traditional summer break. The League contends that denying benefits to a student who is doing what is commonly and ordinarily done would defeat the statute's intent of paying benefits so that a dependent child may receive an education, enter the work force, and become a productive member of society.

██ The basic rule of statutory construction, to which all other interpretative guides must yield, is to give effect to the intent of the legislature. *Id.* In ascertaining legislative intent, the appellate court may examine statutory history as well as conditions contemporaneous with the time of the enactment, the consequences of interpretation, and all other matters of common knowledge within the jurisdiction of the court, and in this case the Commission. *See Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998). A primary purpose of the workers' compensation laws is to pay timely temporary and permanent disability benefits to all legitimately injured workers who suffer an injury arising out of and in the course of their employment, and then to return the worker to the work force. Ark. Code Ann. § 11-9-101(b) (Repl. 2002). Subject to certain limitations, compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon the deceased employee in a percentage of the average weekly wage of the employee. Ark. Code Ann. § 11-9-527(c).

Because the Arkansas workers' compensation statutes do not define the term "full-time student," the parties have offered definitions from other areas both in our state's statutes and in federal law. For example, Ark. Code Ann. § 24-6-216(d)(B)(i) (Supp. 2003), concerned with survivors' pensions upon the death of a police retirant, states that a child's dependency shall terminate at age eighteen but shall be extended until age twenty-three "as long as the child is continuously enrolled as a full-time student at an accredited secondary school or accredited postsecondary institution of higher education." The same language is found in Ark. Code Ann. § 24-6-217(e)(1)(B)(i), addressing survivors' pensions upon death of a member of the state police retirement system.

Regarding retirement benefits for state police members who die in service before retirement, Ark. Code Ann. § 24-6-411(d)(3)(B)(i) (Repl. 2003) extends eligibility of a dependent

child until the age of twenty-three "as long as the child continues uninterruptedly being a full-time student. . . . " The latter language is also found in Ark. Code Ann. § 24-4-608, regarding dependent children of members of our state public employees' retirement system who die before retirement; and at section 24-7-710, addressing survivor benefits to dependent children of members of our school employees' retirement system.

A third Arkansas statute, Ark. Code Ann. § 6-68-202(7) (Repl. 1996), specifically defines "full-time student" within our state scholarship program for post-secondary education:

> "Full-time student" means an individual resident of Arkansas, as prescribed by the department, who is a student at an approved private or public institution in a course of study leading to an associate's or bachelor's degree or completion of an occupational training program, and who is enrolled in at least twelve (12) semester hours or some other reasonable academic equivalent as defined by the department[.]

Congress has considered a student's full-time course of study in determining a dependent child's eligibility for death benefits of workers covered under the Longshoremen's and Harbor Worker's Act. The following definition is found at 33 U.S.C. § 902(18) (1994):

> *The term "student" means a person regularly pursuing a full-time course of study or training. . .* but not after he reaches the age of twenty-three or has completed four years of education beyond the high school level. . . . *A child shall not be deemed to have ceased to be a student during any interim between school years if the interim does not exceed five months* and if he shows to the satisfaction of the Secretary that he has a bona fide intention of continuing to pursue a full time course of education or training during the semester or other enrollment period immediately following the interim or during periods or reasonable duration during which, in the judgment of the Secretary, he is prevented by factors beyond his control from pursuing his education.

(Emphasis added.)

Social security law specifies at 20 CFR § 404.350(a)(5) (2003) that an eligible child who is a full-time student is entitled to dependency benefits from the ages of eighteen through twenty-

three. Under 20 CFR § 404.368, eligibility of a full-time student may continue during a period of nonattendence if (a) the period of nonattendance is four consecutive months or less, (b) there is a showing of intent to resume studies as a full-time student at the end of the period or at the end of the period of being a full-time student, and (c) the period of nonattendance is not due to expulsion or suspension from the school.

### Conclusion

The term "full-time student" is not defined in Ark. Code Ann. § 11-9-527(d)(2), which directs that benefits to an otherwise eligible child shall not terminate at the age of eighteen years provided the child is a full-time student who has not attained the age of twenty-five years. Nor is the term defined elsewhere in our workers' compensation law. However, Arkansas statutes for beneficiary payments to eligible dependents of our police and public employee retirement systems direct that a child may be eligible "as long as the child continues uninterruptedly being a full-time student" or "as long as the child is continuously enrolled as a full-time student at an accredited secondary school or accredited postsecondary institution of higher education." For purposes of our state scholarship program, the statutory definition of a "full-time student" is, in part, a student "enrolled in at least twelve (12) semester hours or some other reasonable academic equivalent as defined by the department." In the Longshoremen's and Harbor Worker's Act, Congress has determined that a student pursuing a full-time course of education is not deemed to have ceased being a student during an interim between school years that does not exceed five months. For purposes of social security regulations, a child remains a full-time student during a period of nonattendance for four consecutive months coupled with a showing of intent to resume full-time studies at the end of the period.

Had our legislature intended to restrict the definition of full-time student in Ark. Code Ann. § 11-9-527 to students so defined by an institution's student handbook or catalog, it easily could have done so by including such language within our workers' compensation statutes. In the absence of such language by the Arkansas legislature, in light of reading this section in conjunction with the purpose of making timely payments to beneficiaries, in light of the purpose of this section to extend dependency payments to eligible children who are "full-time" college students, and because a traditional approach to education consists of a school

year that excludes summer attendance, we will not read into the statute the restriction that "full-time student" is defined by each individual student's college handbook or catalog.

■ ■ The interpretation given a statute by the agency charged with its administration is highly persuasive, and while not conclusive, it should not be overturned unless it is clearly wrong. *See Death & Permanent Total Disability v. Brewer,* 76 Ark. App. 348, 65 S.W.3d 463 (2002). We agree with the Commission's interpretation of Ark. Code Ann. § 11-9-527(d)(2) that dependency benefit payments shall include the time during summer breaks after commencement of college when a "full-time student" does not attend summer sessions on a full-time basis. We affirm the Commission's decision that Amanda was a full-time student during the disputed times when she was not enrolled for full-time summer classes. Therefore, we affirm the Commission's ruling that the Municipal League was entitled to credit for benefits paid to Amanda when she was not classified as a full-time student according to the college catalog or handbook.

Affirmed.

STROUD, C.J., and VAUGHT, J., agree.