HOGUE ET AL. V. PROPATH

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-376-CV

DONALD HOGUE AND ELTA HOGUE APPELLANTS

V.

PROPATH LABORATORY, INC. AND

PROPATH SERVICES, L.L.P. APPELLEES

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

OPINION

------------

I. Introduction

Appellants Donald Hogue and Elta Hogue sued ProPath Laboratory, Inc. and ProPath Services, L.L.C. after a pathologist employed by ProPath Services allegedly failed to detect the presence of melanoma in a lesion removed from Donald Hogue’s skin and submitted to ProPath Services for analysis.  The trial court granted partial summary judgment in favor of the ProPath entities on the Hogues’ claims for negligence, negligent misrepresentation, and deceptive trade practices.  The Hogues’ breach of implied warranty claim proceeded to trial, but at the close of the Hogues’ evidence, the trial court directed a verdict in favor of the ProPath entities.  The trial court later denied the Hogues’ motion for new trial.  The Hogues now appeal from the summary judgment, the directed verdict, and the denial of their motion for new trial.  We affirm.

II. Background

On July 17, 1998, Donald Hogue consulted Dr. Karen Spetman about a skin lesion on his back.  Dr. Spetman biopsied the lesion and submitted the specimen to ProPath Services for analysis to determine the existence or nonexistence of a malignancy.  ProPath Services is a group medical practice of pathologists. 
 ProPath Laboratory provides technical support to ProPath Services, such as making slides of the lesion specimen concerned here. 

Dr. Donald Cohen, an employee of ProPath Services, performed a pathology review of the skin lesion and issued a medical diagnosis in which he concluded that the specimen was a nonmalignant freckle.  His report was provided to Dr. Spetman, who passed the diagnosis on to Mr. Hogue. 

In March 2000, Mr. Hogue consulted Dr. Spetman again about other lesions.  Dr. Spetman diagnosed those lesions as melanoma and referred Mr. Hogue to Dr. John Adnot, a dermatologist specializing in skin cancer, for removal.  Dr. Adnot biopsied a lesion that, according to the Hogues, was the same lesion biopsied by Dr. Spetman in 1998.  He sent a sample of the lesion to Dr. Clay Cockerell, a dermatopathologist,
(footnote: 1) for analysis.  Dr. Cockerell confirmed the diagnosis of melanoma.  Dr. Adnot obtained and reviewed the slide of the original lesion submitted to ProPath Services and sent it to Dr. Cockerell, too.  Both Dr. Adnot and Dr. Cockerell concluded that melanoma could not be ruled out from the original slide. 

The Hogues sued the ProPath entities on January 4, 2001, alleging negligence, negligent misrepresentation, deceptive trade practices, and breach of implied warranties.  The Hogues did not sue Dr. Cohen and did not claim that Dr. Cohen or the ProPath entities violated a medical standard of care.  Instead, the gist of the Hogues’ complaint was that the ProPath entities routed the subject specimen to a pathologist rather than a dermatopathologist. 

The ProPath entities moved for summary judgment, contending that the Hogues’ claims were subject to the absolute two-year statute of limitations under the Medical Liability and Insurance Improvement Act (“MLIIA”).
(footnote: 2)  
The trial court granted summary judgment as to all claims except breach of implied warranty, which proceeded to trial.  At the close of the Hogues’ evidence, the trial court directed a verdict in favor of the ProPath entities.  This appeal followed.

III. Analysis

A. Partial Summary Judgment

In their first issue, the Hogues argue that the trial court erred by granting partial summary judgment in favor of the ProPath entities because the MLIIA does not apply to their claims and, thus, their claims are not barred by the MLIIA’s absolute two-year statute of limitations.  Specifically, the Hogues contend that ProPath is not a “healthcare provider” as defined by the MLIIA.  The Hogues argue in the alternative that article 4590i’s limitations provision violates the open courts provision of the Texas Constitution.

i. Applicability of the MLIIA

Section 10.01 of the MLIIA provides: “no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort.”
  Tex. Rev. Civ. Stat. Ann
. art. 4590i, § 10.01 (1995 version). This absolute two-year statute of limitations abolishes the discovery rule in cases governed by the MLIIA.   
Diaz v. Westphal
, 941 S.W.2d 96, 99 (Tex. 1997).  “Health care liability claim” means “a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety.” 
Tex. Rev. Civ. Stat. Ann.
 art. 4590i, § 1.03(a)(4) (1995 version). “Health care provider” means “any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer, employee, or agent thereof acting in the course and scope of his employment.”
  
Id.
 § 1.03(a)(3).

The Hogues argue that the ProPath entities do not fit within the definition of “health care provider.”  The ProPath entities offered as summary judgment evidence the uncontroverted affidavit of Dr. E.P. Jenevein, who stated that ProPath Services is a group medical practice formed under Texas law as a limited liability partnership.  
In 
MacGregor Medical Ass’n v. Campbell
, the supreme court held that “excluding professional associations of physicians from article 4590i protections would thwart express legislative intent . . . expressed in [4590i].”  985 S.W.2d 38, 39 (Tex. 1998).  The supreme court agreed with the analysis of the first court of appeals rejecting an argument remarkably similar to the one now made by the Hogues.  
Id
., (citing
 Campbell v. MacGregor Med. Ass’n
, 966 S.W.2d 538, 542-44 (Tex. App.—Houston [1st Dist.] 1997), 
rev’d in part
, 985 S.W.2d 38 (1998)).  The supreme court concluded that former article 4590i—including the two-year statute of limitations—applied to claims made against associations of physicians even though such associations were not expressly listed by the MLIIA.  
MacGregor
, 985 S.W.2d at 39.

Because the supreme court has held that former article 4590i extended to healthcare claims made against associations of physicians, and ProPath Services offered uncontroverted proof that it is an association of physicians, we hold that the Hogues’ claims against ProPath Services are subject to former article 4590i’s absolute two-year statute of limitations.  The Hogues did not sue ProPath Services until more than two years after the alleged misdiagnosis in 1998.  Therefore, their claims against ProPath Services were barred by limitations.

ii. Open courts provision

We next consider whether application of 4590i’s limitations period to the Hogues’ claims against ProPath Services violates the open courts provision of the Texas constitution.  “The Texas Constitution guarantees that persons bringing common-law claims will not unreasonably or arbitrarily be denied access to the courts.”  
Shah v. Moss
, 67 S.W.3d 836, 841-42 (Tex. 2001) (citing 
Tex. Const
. art. I, § 13).  But “[t]he limitations provision in article 4590i . . . does not violate the open courts guarantee if the plaintiff had a reasonable opportunity to discover the alleged wrong and bring suit before the limitations period expired.”  
Id. 
at 842.

In their brief on appeal, the Hogues admit that Mr. Hogue learned of the alleged misdiagnosis in April 2000.  ProPath Services filed as summary judgment evidence a June 26, 2000 claim notice letter from the Hogues’ attorney to ProPath Services.  Thus, the Hogues discovered the alleged wrong at least three months before the two-year statute of limitations expired and retained counsel to pursue their claims at least a month before limitations expired.   Under these circumstances, applying former article 4590i’s absolute two-year statute of limitations does not violate the open courts provision of the Texas Constitution.  We therefore hold that the trial court did not err by granting partial summary judgment in favor of ProPath Services.

iii. ProPath Laboratory’s partial summary judgment

Unlike ProPath Services, ProPath Laboratory is not a group of physicians.  Therefore, our conclusion that former section 4590i applies to the Hogues’ claims against ProPath Services does not address the propriety of the summary judgment in favor of ProPath Laboratory.

In addition to moving for summary judgment on 4590i’s statute of limitations, ProPath Laboratory moved for summary judgment on the basis that it was not a party responsible for the actions about which the Hogues complained.  In support of its motion, ProPath Laboratory offered the affidavit of its executive director, Krista Crews.  Crews stated that ProPath Laboratory provides technical services such as slide preparation and transcription to the physicians of ProPath Services.  The trial court did not specify any particular ground when it granted partial summary judgment in favor of ProPath Laboratory. 

When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious.  
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003); 
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995).  When the trial court’s judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made.  
Scott v. Galusha,
 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

The Hogues have not assigned error to ProPath Laboratory’s alternative summary judgment ground.  Therefore, we must affirm the partial summary judgment on that basis.

Having determined that the trial court did not err by granting partial summary judgment in favor of the ProPath entities on the Hogues’ claims for negligence, negligent misrepresentation, and deceptive trade practices, we overrule the Hogues’ first issue.

B. Directed Verdict

In their second issue, the Hogues argue that the trial court erred by directing a verdict in favor of the ProPath entities on their breach of implied warranty claim.  The warranties identified by the Hogues in their trial pleading were the implied warranties of merchantability, the implied warranty of fitness for a particular purpose, and the “implied warranty of superior service.” 

A directed verdict is proper only under limited circumstances:  (1) when the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent or (2) when the evidence is insufficient to raise a material fact issue. 
 See Prudential Ins. Co. v. Fin. Review Servs., Inc.
, 29 S.W.3d 74, 77 (Tex. 2000); 
Ray v. McFarland,
 97 S.W.3d 728, 730 (Tex. App.—Fort Worth 2003, no pet.); 
see also
 Tex. R. Civ. P
. 268.  In reviewing a directed verdict, we must view the evidence in the light most favorable to the party against whom the verdict was rendered.  
Szczepanik v. First S. Trust Co.,
 883 S.W.2d 648, 649 (Tex. 1994).

Texas law does not recognize a cause of action for breach of an implied warranty of professional services.  
Murphy v. Campbell,
 964 S.W.2d 265, 268 (Tex. 1997); 
Dennis v. Allison
, 698 S.W.2d 94, 96 (Tex. 1985) (holding that patient had no cause of action for breach of implied warranty against psychiatrist who assaulted her because she had adequate remedies to address the wrongs committed during treatment).  Further, implied warranties do not apply to a product provided as an inseparable part of the rendition of medical services.  
Walden v. Jeffery,
 907 S.W.2d 446, 448 (Tex. 1995).

The Hogues attempt to distinguish this case from 
Murphy, Dennis
, 
Walden
 and similar cases.  Their efforts are unavailing.  Regardless of how the Hogues cast their allegations, the gravamen of their complaint is that ProPath failed to provide an accurate diagnosis of Mr. Hogue’s skin lesion.  Dr. Spetman testified that ProPath physicians perform a professional service when they interpret slides.  The Hogues attempt to differentiate between the professional service provided by the pathologist, Dr. Cohen, and the services provided by the ProPath entities, but we cannot see the distinction.  Dr. Cohen’s pathology interpretation 
is
 the service provided by the ProPath entities.

The Hogues also argue that we should recognize an implied warranty in this case because the ProPath entities did not provide a service to them personally.  Mr. Hogue testified that he had no contact with anyone at ProPath and did not hire ProPath to perform any service.  The Hogues cite no authority to explain how the lack of direct contact renders the services performed by ProPath something other than professional services, and our own research has found none.  We therefore decline to create an implied warranty under the circumstances presented.

We hold that under the evidence of this case, viewed in the light most favorable to the Hogues, the ProPath entities provided a professional service.  Because Texas does not recognize a cause of action for breach of implied warranty in the professional-services context, the trial court did not err by directing a verdict in favor of the ProPath entities.  We overrule the Hogues’ second issue.

C. Motion for New Trial

In their third issue, the Hogues assert that the trial court erred by overruling their motion for new trial.  The motion addressed both the partial summary judgments and the directed verdict. 

Trial courts have broad discretion in ruling on motions for new trial.  
Limestone Constr., Inc.
 
v. Summit Commercial Indus. Props., Inc
., 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.).  We review the denial of a motion for new trial for an abuse of discretion.  
Cliff v. Huggins
, 724 S.W.2d 778, 779 (Tex. 1987); 
Smith v. Holmes
, 53 S.W.3d 815, 817 (Tex. App.—Austin 2001, no pet.).  When reviewing the trial court’s denial of a new trial, every reasonable presumption will be made in favor of the court’s ruling.  
Tex. & N.O.R. Co. v. Scarborough
, 101 Tex. 436, 440, 108 S.W. 804, 806 (1908); 
Ferguson v. Globe-Tex. Co.
, 35 S.W.3d 688, 690 (Tex. App.—Amarillo 2000, pet. denied).

The issues presented by the Hogues in their motion for new trial are the  same issues we have already considered and overruled in this appeal.  We therefore hold that the trial court did not abuse its discretion by overruling the Hogues’ motion for new trial.  We overrule their third issue.

IV. Conclusion

Having overruled the Hogues’ three issues, we affirm the judgment of the trial court.

ANNE GARDNER

JUSTICE

PANEL A: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DELIVERED: April 13, 2006

FOOTNOTES
1:
A dermatopathologist is a pathologist who evaluates diseases of the skin. 

2:
See
 Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985-87, 
repealed by 
Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at 
Tex. Civ. Prac. & Rem. Code Ann
. § 74.351 (Vernon Supp. 2005)).  All section references in this opinion are to the 1995 version of Texas Revised Civil Statutes article 4590i
, which was in effect at the time this suit was filed and will be referred to as the “1995 version” or “former version.”