In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-128 CV


____________________



MICHAEL LEIGH SMITH, Appellant



V.



GERALD HAMILTON, individually and as personal representative


of the ESTATE OF SUE ANN HAMILTON, DECEASED, 


MATTHEW GARRISON and MARK GARRISON, Appellees






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. D177240






MEMORANDUM OPINION


 Appellees Gerald Hamilton, (1) Matthew Garrison, and Mark Garrison sued appellant
Michael Leigh Smith and other defendants for alleged medical malpractice. Smith filed a
motion to dismiss that challenged the timeliness of appellees' expert report. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351 (a) (Vernon Supp. 2006). Smith appeals the trial court's
order denying his motion to dismiss. We reverse and render judgment dismissing appellees'
suit against Smith with prejudice. 

 The procedural facts leading up to the trial court's ruling are not in dispute. Appellees
filed their original petition against Smith on June 26, 2006. On July 5, 2006, appellees filed
their expert report and curriculum vitae with the district clerk. Appellees filed a
supplemental expert report on August 18, 2006, and again filed it with the district clerk. 
Both parties agree that the 120-day deadline for serving appellees's expert report on Smith
was October 24, 2006. Although Smith was apparently served with citation on or about
August 25, 2006, he did not file his original answer to appellees' suit until November 16,
2006. On November 17, 2006, appellees sent Smith's counsel copies of their expert report,
curriculum vitae, and supplemental expert report via certified mail. An affidavit by
appellees' trial counsel sheds some light on this particular circumstance. In pertinent part,
it reads as follows: 

 "When Dr. Michael Smith, Defendant, did not answer the lawsuit, I called
his office and told them he was in default. I also told them to have a lawyer
contact my office if he wanted to file an answer. A short time later, on
November 16, 2006, Dr. Smith's counsel, Mr. Oppenheim, contacted my office
and asked if he could have a copy of the expert report. Accordingly, I sent him
a copy of the expert report on November 17, 2006. See Exhibit 'A.'" 

 

 On December 12, 2006, Smith filed his motion to dismiss pursuant to section
74.351(a), contending that appellees had failed to serve him with an expert report on or
before the mandatory expiration date of October 24, 2006, as the first time Smith was
provided with appellees' expert report was on November 20, 2006, when his counsel
received the original and amended expert reports in the mail. 

 Subsections (a) and (b) of section 74.351 of the Medical Liability Act read as follows: 
 (a) In a health care liability claim, a claimant shall, not later than the 120th
day after the date the original petition was filed, serve on each party or the
party's attorney one or more expert reports, with a curriculum vitae of each
expert listed in the report for each physician or health care provider against
whom a liability claim is asserted. The date for serving the report may be
extended by written agreement of the affected parties. Each defendant
physician or health care provider whose conduct is implicated in a report must
file and serve any objection to the sufficiency of the report not later than the
21st day after the date it was served, failing which all objections are waived. 


 (b) If, as to a defendant physician or health care provider, an expert report has
not been served within the period specified by Subsection (a), the court, on the
motion of the affected physician or health care provider, shall, subject to
Subsection (c), enter an order that:


 (1) awards to the affected physician or health care provider reasonable
attorney's fees and costs of court incurred by the physician or health care
provider; and 


 (2) dismisses the claim with respect to the physician or health care
provider, with prejudice to the refiling of the claim. 


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) - (b)(2) (Vernon Supp. 2006). 

 Smith argues that dismissal of the suit was mandatory under the facts presented as
appellees failed to serve either him or his counsel with an expert report between the date suit
was filed (June 26, 2006) and the 120-day statutory deadline of October 24, 2006. Appellees
reply that the trial court properly denied Smith's motion to dismiss because Smith "failed to
file an answer or otherwise appear within the 120-day deadline[,]" and because "equity bars
[Smith] from taking advantage of the Chapter 74 sanctions, or at least provides Appellees a
reasonable time to provide the reports." Additionally, appellees contend the trial court's
ruling was correct as Smith failed to object to the expert reports within the mandatory 21-day
period, and that Smith has waived any trial court error by failing to present a sufficient record
for appellate review. Appellees also aver they are entitled to prevail on this issue because
section 74.351 violates provisions of both the Texas and United States Constitutions as
applied to them. We must initially address the constitutional question. (2) 

 The constitutionality of the current and former version of the Medical Practices Act
has been affirmed on appeal in the face of alleged due process, due course of law, and open
courts violations. See Walker v. Gutierrez, 111 S.W.3d 56, 65-66 (Tex. 2003); Powell v.
Clements, No. 10-05-00418-CV, 2007 WL 475412, at *1-*2 (Tex. App.--Waco Feb. 14,
2007, no pet. h.); Fields v. Metroplex Hosp. Found., No. 03-04-00516-CV, 2006 WL
2089171, at *3-*4 (Tex. App.--Austin July 28, 2006, no pet.); Etheredge v. McCarty, No. 05-05-00164-CV, 2006 WL 1738258, at *1 (Tex. App.--Dallas June 27, 2006, no pet.); Herrera
v. Seton Nw. Hosp., 212 S.W.3d 452, 460-62 (Tex. App.--Austin 2006, no pet. h.);
Thoyakulathu v. Brennan, 192 S.W.3d 849, 854-56 (Tex. App.--Texarkana 2006, no pet.);
Hogue v. Propath Lab., Inc., 192 S.W.3d 641, 645 (Tex. App.--Fort Worth 2006, pet.
denied); Williams v. Keck, No. 03-05-00332-CV, 2005 WL 3499439, at *1-*3 (Tex. App.-
-Austin 2005 Dec. 21, 2005, pet. denied); Rittenhouse v. Sabine Valley Ctr. Found., Inc., 161
S.W.3d 157, 166-67 (Tex. App.--Texarkana 2005, no pet.); Thomas v. Univ. of Tex. Med.
Branch at Galveston, Nos. 01-03-00471-CV & 01-03-00472-CV, 2004 WL 1516456, at *2
(Tex. App.--Houston [1st Dist.] 2004, no pet.). However, appellees neither discuss nor
attempt to distinguish any of the above-cited cases, all of which specifically involve
constitutional questions vis-a-vis health care liability claims. Instead, appellees merely
provide authority addressing general propositions of law related to due process, due course
of law, and/or Texas' guarantee of open courts. Relying on the equities of the circumstances,
appellees contend that section 74.351's "punitive provisions unreasonably restrict a well
established common-law right of action without a reasonable opportunity to comply and
respond." 

 In Brennan, the plaintiff (Brennan) had filed his expert reports but had not served
them on the defendant-health care providers before the 120th day after suit was filed. See
Brennan, 192 S.W.3d at 850. Evidence indicated that on the last day for serving such
reports, Brennan tried but failed to serve them via facsimile transmission. Id. The health
care providers moved for dismissal, but the trial court denied the motion and granted Brennan
a thirty-day extension within which to serve the reports. Id. at 850-51. On appeal, the
appellate court reversed the trial court's rulings and remanded the cause to the trial court for
dismissal of Brennan's claims against the health care providers. Id. at 856. Among other
issues, Brennan raised an "as applied" constitutional challenge to section 74.351. Id. at 854. 
In overruling Brennan's challenge, the Texarkana Court wrote:

 [D]ue process does not require additional or broader grounds for extending the
clearly stated service deadline or relief from the clearly stated consequences
of failing to meet that deadline. Here, we have a situation arising from a
possibly malfunctioning facsimile machine on the last day of the allowable
time period. As a result of this last-minute problem, Brennan failed to serve
the report on Appellants. Section 74.351 need not provide an exception geared
toward such misfortune in order to provide constitutionally adequate
safeguards. The trial court must dismiss the claim if an expert report has not
been served by the deadline. Mandatory dismissal is a "clearly stated
consequence" for failing to comply with the statutory deadline. 


Id. at 855. 

 We echo the analysis of the Texarkana Court along with its reliance on Walker v.
Gutierrez in addressing the constitutional question. Not quite as compelling as a
malfunctioning facsimile machine is appellees's excuse: "There is no way to fulfill legal
obligations that assume a defendant is participating in a lawsuit when the defendant refuses
to participate in the lawsuit." First, appellees provide no authority for the proposition that
a civil defendant is required to participate in any lawsuit instituted against him. Appellees
were apparently knowledgeable of Smith's whereabouts as he was served with process, and
was apparently provided with pre-suit notice, a statutory prerequisite to suit. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.051(a) (Vernon 2005). Second, appellees have not shown
how the requirements of section 74.351 created an "impossible condition" by which they
were prevented from pursuing their claim against Smith. See Herrera, 212 S.W.3d at 461
(quoting Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 355 (Tex. 1990)). The essence of
appellees' argument is not that it was impossible for them to comply with section 74.351,
only that they were excused from doing so because of Smith's inertia. As it did before the
Herrera Court, this argument fails before us. See Herrera, 212 S.W.3d at 462. As the party
challenging the constitutionality of section 74.351 "as applied," appellees are required to
demonstrate the statute is unconstitutional when applied to the particular set of facts or
circumstances presented. See Tex. Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 518
n.16 (Tex. 1995). From the above-discussed facts and circumstances, we hold appellees have
not met their burden. Section 74.351 complies with both the Texas and federal constitutional
provisions in question as applicable to appellees under the record before us. 

 We now turn to Smith's lone issue complaining of the trial court's denial of his
motion to dismiss based upon a tardily-served expert report. Ordinarily, we would review
the trial court's denial of Smith's dismissal motion for an abuse of discretion. See Bowie
Mem'l Hosp. v Wright, 79 S.W.3d 48, 52 (Tex. 2002) (citing Am. Transitional Care Ctrs. of
Texas, Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001)). When, as here, the issues
essentially involve statutory construction, we apply a de novo standard of review . See Buck
v. Blum, 130 S.W.3d 285, 290 (Tex. App.--Houston [14th Dist.] 2004, no pet.). 

 We agree with the observation that the purposes behind the enactment of section
74.351 were, "among other things, to remove unwarranted delay and expense, to accelerate
the disposition of non-meritorious cases, and to give hard-and-fast deadlines for the serving
of expert reports." Intracare Hosp. N. v. Campbell, No. 01-06-00356-CV, 2007 WL 926531,
at *5 (Tex. App.--Houston [1st Dist.] March 29, 2007, no pet. h.) (citing Mokkala v. Mead,
178 S.W.3d 66, 74-75 (Tex. App.--Houston [14th Dist.] 2005, pet. granted)). Section
74.351(a) plainly states that the plaintiff shall "serve" the expert report on the health care
defendant "not later than the 120th day" after the original petition is filed. Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a). Merely filing the expert reports with the district clerk fails
to comply with the mandatory requirement that the plaintiff "serve" the report on the
defendant. See Herrera, 212 S.W.3d at 458-59 (discussing the distinction between "filing"
and "serving" an expert report). Appellees do not dispute they failed to strictly comply with
the 120-day deadline. Instead, they contend that because Smith's motion to dismiss was filed
more than 21 days after he received the expert's report, Smith has waived any objection to
appellees having missed the 120-day deadline. Appellees further argue waiver applies to
Smith's dismissal motion because he failed to file his answer until after the 120-day expert
report deadline. 

 Appellees' "waiver" arguments are misplaced. First, a health care defendant's 21-day
deadline explicitly refers to an "objection to the sufficiency" of an expert report, not to the
fact that an expert report was not served within the mandatory 120-day deadline. Indeed, a
health care defendant may move to dismiss for failure to serve an expert report when an
otherwise timely-filed report does not meet the statutory definition of "expert report," or is
otherwise deficient, and the 120-day deadline has passed. See CHCA Mainland, L.P. v.
Burkhalter, No. 01-06-00158-CV, 2007 WL 686679, at *2 (Tex. App.--Houston [1st Dist.]
March 8, 2007, no pet. h.); Anglin v. Marrero, No. 09-05-198-CV, 2006 WL 665865, at *2
(Tex. App.--Beaumont March 16, 2006, no pet.); see also Herrera, 212 S.W.3d at 460 (30-day extension to correct deficient expert report applicable only if deficient report was timely
filed); Brennan, 192 S.W.3d at 852-53. As the Brennan Court determined in construing
section 74.351(a) and (b), "[a]bsent an agreement among the parties for an extension of time
to serve the reports, the trial court has no discretion but to dismiss the case with prejudice and
to award reasonable attorney's fees and costs of court if the claimant fails to meet this [120-day] deadline[.]" Id. at 852; see also Herrera, 212 S.W.3d at 460.

 Second, as we have recently held, "Chapter 74 imposes no deadline for filing a motion
to dismiss." Empowerment Options, Inc. v. Easley, No. 09-06-148-CV, 2006 WL 3239527,
at *4 (Tex. App.--Beaumont Nov. 9, 2006, pet. denied). "Waiver" is recognized as an
intentional relinquishment of a known right or intentional conduct that is inconsistent with
claiming that right. Jernigan v. Langley, 111 S.W.3d 153, 156 (Tex. 2003) (quoting Sun
Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987)). In Jernigan, the Texas
Supreme Court held that Dr. Jernigan did not waive his right to file a motion to dismiss by
waiting for more than 600 days after receiving the plaintiff's expert reports. Id. at 157. To
establish an intent to waive the right to the statutory dismissal, a "defendant's silence or
inaction must be inconsistent with the intent to rely upon the right to dismissal. For example,
if the defendant fails to object to the report's inadequacy until after the case is disposed of
on other grounds, waiver may be implied." Id. (citing Martinez v. Lakshmikanth, 1 S.W.3d
144 (Tex. App.--Corpus Christi 1999, pet. denied)). In the instant case, the record before us
does not clearly demonstrate the requisite intent on Smith's part to waive his right to move
for dismissal under section 74.351.

 We have discussed and rejected all the grounds raised by the record that could support
the trial court's denial of Smith's motion to dismiss. We find no authority that is contrary
to the well-established holding in actions involving health care liability claims that
mandatory dismissal is the clearly stated consequence for failing to comply with the statutory
120-day deadline. See Jernigan v. Langley, 195 S.W.3d 91, 93 (Tex. 2006)(failure to timely
file an adequate expert report requires trial court to dismiss plaintiff's suit with prejudice
upon motion by defendant); Soberon v. Robinson, No. 09-06-067-CV, 2006 WL 1781623,
at *3 (Tex. App.--Beaumont 2006, pet. denied). We sustain Smith's appellate issue. We
therefore reverse the trial court's order denying Smith's motion to dismiss and render
judgment dismissing appellees' health care liability claims against Smith with prejudice to
the refiling of the claims against Smith.

 REVERSED AND RENDERED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on May 31, 2007

Opinion Delivered June 21, 2007



Before Gaultney, Kreger, and Horton, JJ.
1. Hamilton sued individually and as personal representative of the estate of
decedent, Sue Ann Hamilton. 
2. As appellees' written response to Smith's motion to dismiss and their argument
to the trial court question the constitutionality of section 74.351, we must discuss the
issue. See Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978) (as no findings of fact or
conclusions of law filed, trial court order must be upheld by any legal theory supported by
the record). Additionally, as we must consider any legal theory that could uphold the trial
court's ruling, we reject any implied finding that Smith has waived error by procedural
default.