**Opinion issued April 25, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00140-CV

———————————

**FRANK CHALFANT, Appellant**

**V.**

**BROOKDALE SENIOR LIVING COMMUNITES, INC. AND ARC POST OAK, L.P., D/B/A THE HAMPTON AT POST OAK, Appellees**

———————————

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1106907**

———————————

## MEMORANDUM  OPINION

Appellant, Frank Chalfant, challenges the trial court's dismissal of his health

care liability claim[1] against appellees, Brookdale Senior Living Communities, Inc. ("Brookdale") and ARC Post Oak, L.P., doing business as The Hampton at Post Oak ("ARC"), for negligence. In four issues, Chalfant contends that the trial court erred in granting Brookdale and ARC's motion to dismiss his claim.

We affirm.

## Background

In his original petition, filed on January 30, 2012, Chalfant alleged that on January 1, 2009, he fell and broke his ankle. He was transported to Memorial Hermann Hospital, where his right leg was fitted with a metal brace. On January 5, 2009, Chalfant visited ARC, where he complained that he could not put weight on either foot and eventually received "critical wound nursing care" from its staff, employed by Brookdale. After having surgery performed on his right leg at Memorial Hermann Hospital, Chalfant returned to ARC on January 30, 2009. Just prior to giving Chalfant a shower, the ARC nursing staff tied a plastic bag around his leg, causing water to leak onto his brace. He alleged that the nurses did not follow proper sterilization and bathing procedures, causing an infection. On February 10, 2009, the bandage on Chalfant's right leg had become "wet and bloody," but the nursing staff did not mention the condition when it changed the bandage. The following day, the bandage was still "wet and bloody" and had

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (Vernon Supp. 2012).

started "to smell terribly bad."

Chalfant insisted on seeing his surgeon, who immediately readmitted him to Memorial Hermann Hospital, where he had to undergo nine more surgeries on his leg and take antibiotics because his right foot had become infected with Methicillin Resistant Staphylococcus Aureus ("MRSA"). He alleged that the infection was a result of ARC and Brookdale's negligence. Specifically, Chalfant alleged that ARC and Brookdale were negligent in failing to:

A.   [M]aintain a proper lookout for the cleanness of [Chalfant] and other employees as would have been kept by a person using ordinary care under the same or similar circumstances.

B.   [E]xercise reasonable care to provide [Chalfant] with proper sanitation, clean showers and sanitary bathing and showering techniques.

C.   [E]xercise reasonable care to provide [Chalfant] with properly trained manpower for cleaning [Chalfant] and his wounded right leg and right foot to avoid infecting them as would have been done by a person using ordinary prudence and care under the same or similar circumstances.

D.   [Provide] its Health Care Administrator, Director of Nursing, Nursing Staff, and employees with proper supervision and training in the safe nursing care of patients while feeding, cleaning, bathing, showering, removing and replacing bandages and dressing as would have been done by a Defendant under the same or similar circumstances.

Chalfant sought $500,000 in damages from ARC and Brookdale.

In their answer, ARC and Brookdale generally denied Chalfant's allegations and pleaded the affirmative defense that Chalfant's suit was barred by the statute of

3

limitations. On October 21, 2011, ARC and Brookdale then filed a motion to dismiss Chalfant's suit for failure to provide an expert report[2] within 120 days of him filing his suit.

In his response to the motion to dismiss, Chalfant stated that he filed his claim in "a good faith effort to receive relief from the infection that ravaged his body and almost cost him his life because of the negligent health care that he received under the care of [ARC and Brookdale]." Chalfant asserted that his expert report was sufficient or, alternatively, requested that the trial court grant him a thirty-day extension to cure any deficiencies in the report.[3] In their reply, ARC and Brookdale asserted that they could find no evidence that an expert report had been filed.

The trial court granted ARC and Brookdale's motion to dismiss. In his motion to reconsider and set aside the order granting the motion to dismiss and a new-trial motion, Chalfant reasserted the facts from his petition. Chalfant argued that the trial court erred in dismissing his claim because "general experience and common sense show that a causal connection resulted from the negligent healthcare of [ARC and Brookdale]" and Chalfant's injuries. In an amended new-trial motion, Chalfant argued that the legislative requirement that a health care

---

[2]     *See id.* § 74.351(a) (Vernon 2011) (requiring plaintiff bringing health care liability claim to serve an expert report within 120 days after suit is filed).

[3]     *See id.* § 74.351(b).

liability claimant serve an expert report on a defendant was "enacted for the sole purpose of depriving severely injured Claimants of their Constitutional rights."

## Standard of Review

We review a trial court's decision on a motion to dismiss a health care liability claim for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 858 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance. *Harris Cnty. Hosp. Dist. v. Garrett*, 232 S.W.3d 170, 176 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

## Expert Report

In his first issue, Chalfant argues that the trial court erred in dismissing his health care liability claim and denied him due process and equal protection under the law because "[g]eneral experience and common sense" demonstrate "a direct causal connection" between ARC and Brookdale's negligence and his injuries. He

5

asserts that the report of a Houston nurse "adequately implicates" the actions of the nursing staff and negligence of ARC and Brookdale. In his third issue, Chalfant complains that the legislative requirement that a health care liability claimant serve an expert report on a defendant is unconstitutional. *See* TEX. CONST. art. I, §§ 13, 19.

Within 120 days of filing a health care liability claim, a claimant must serve expert reports for each physician or health care provider against whom the claim is asserted. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon 2011). A health care liability claim is defined as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant." *Id.* § 74.001(a)(13) (Vernon Supp. 2012). If an expert report is not served within the 120-day period:

> [T]he court, on the motion of the affected physician or health care provider, shall, subject to [an extension of time for a deficient report], enter an order that:
>
> (1)  awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
>
> (2)  dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id.* § 74.351(b). If a report "has not been served within [120 days] because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency." *Id.* § 74.351(c).

Here, it is undisputed that Chalfant brought a health care liability claim against ARC and Brookdale. In support of his argument that "[g]eneral experience and common sense" show "a direct causation connection" between ARC and Brookdale's negligence and his injuries, Chalfant relies on *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671–72 (Tex. 2008). However, in *Gardner*, the plaintiff timely served the defendants with an expert report. *Id.* at 670–71 (holding that 120-day limit had been tolled because trial court entered default judgment against defendant which was later set aside, so expert report was timely even though filed more than 120 days after original petition). Although Chalfant argues that a report written by "Rose," a registered nurse at ARC, "adequately implicates" ARC and Brookdale, there is no indication in the record here of a report written or filed by "Rose." Thus, the trial court was required to dismiss Chalfant's claim on ARC and Brookdale's motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Ogletree v. Matthews*, 262 S.W.3d 316, 319–20 (Tex. 2007) (stating that trial court has no discretion to deny motions to dismiss or grant extensions of time where no report has been served within 120-day deadline).

Chalfant also argues that the trial court denied him the right to due process and the right to open courts, in violation of article 1, sections 13 and 19 of the Texas Constitution, because his claims "have great merit and consequences" and the State of Texas "owe[s] a duty to its several injured citizens and residents . . . who have been severely injured and damaged while under the direct control and nursing care of health care facilities that fail to provide . . . proper nursing care."

In reviewing a due process challenge, we consider whether the challenged statute has a reasonable relation to a proper legislative purpose or is arbitrary or discriminatory. *Garay v. State*, 940 S.W.2d 211, 218 (Tex. App.—Houston (1st Dist.) 1997, pet. ref'd); *Cannon v. Lemon*, 843 S.W.2d 178, 183 (Tex. App.—Houston [14th Dist.] 1992, writ denied). If the law is related to a proper legislative purpose and is not arbitrary or discriminatory, it is constitutionally sound under the due process clause. *Garay*, 940 S.W.2d at 218. In order to assert a violation of the open courts provision, a litigant must meet two criteria: (1) he must have a cognizable common-law cause of action that is being restricted; and (2) the restriction must be unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). We note that Texas courts have consistently confirmed the constitutionality of the current and former versions of the Medical Liability Act. *See, e.g., Walker v. Gutierrez*, 111 S.W.3d 56, 65-66 (Tex. 2003); *Bankhead v. Spence*, 314 S.W.3d

8

464, 468–69 (Tex. App.—Waco 2010, pet. denied); *Solomon-Williams v. Desai*, No. 01-08-00733-CV, 2009 WL 1813135, at \*4 (Tex. App.—Houston [1st Dist.] June 25, 2009, pet. denied) (mem. op.); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 854–56 (Tex. App.—Texarkana 2006, no pet.); *Hogue v. Propath Lab., Inc.*, 192 S.W.3d 641, 645 (Tex. App.—Fort Worth 2006, pet. denied); *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 166–67 (Tex. App.—Texarkana 2005, no pet.); *Perry v. Stanley*, 83 S.W.3d 819, 825 (Tex. App.—Texarkana 2002, no pet.); *Gill v. Russo*, 39 S.W.3d 717, 718–19 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

The expert-report requirement is rationally related to the purpose of the statute to discourage frivolous malpractice suits. *See, e.g., Bankhead*, 314 S.W.3d at 468 (citing *Powell v. Clements*, 220 S.W.3d 138, 140 (Tex. App.—Waco 2007, pet. denied)); *Solomon-Williams*, 2009 WL 1813135, at \*3 (stating that Texas Legislature's finding that number of medical liability lawsuits contributed to malpractice insurance crisis constituted reasonable basis for expert-report requirement); *Thoyakulathu*, 192 S.W.3d at 856 (noting that State has "legitimate interest in placing restrictions on the filing of health care liability claims"). Thus, we cannot conclude that the requirement is arbitrary or discriminatory.

Furthermore, a health care liability claimant who brings an open courts challenge has the burden of showing that the expert-report requirement actually

prevented him from pursuing his claims. *McGlothlin v. Cullington*, 989 S.W.2d 449, 453 (Tex. App.—Austin 1999, pet. denied). The open courts provision is premised upon the rationale that the legislature has no power to make a remedy by due course of law contingent upon an "impossible condition." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990). Chalfant does not assert that it would have been impossible for him to have complied with section 74.351. *See Herrera*, 212 S.W.3d at 462; *Solomon-Williams*, 2009 WL 1813135, at *4.

Section 74.351(b) mandates dismissal where a claimant fails to file an expert report within 120 days of bringing the suit, and Chalfant has not established that section 74.351 is unconstitutional under either the due process clause or the open courts provision. *See Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 737 (Tex. App.—San Antonio 1999, no pet.) ("Texas law is clear that when a litigant fails to comply with the . . . expert report provisions . . . the dismissal of the action . . . does not violate the due process and open courts provision of Article I of the Texas Constitution"). Accordingly, we hold that the trial court did not err in dismissing Chalfant's health care liability claim against ARC and Brookdale.

We overrule Chalfant's first and third issues.

### Extension of Time to File Expert Report

In his second issue, Chalfant argues that the trial court erred in denying his request for a thirty-day extension of time to file an expert report because ARC and

Brookdale "recognized the fact that their negligent health care and wrongful conduct caused" his severe injuries.

As stated above, section 74.351 provides that, if a health care liability claimant does not timely file an expert report, the trial court "shall" grant the defendant's motion to dismiss the claim with prejudice. TEX. CIV. PRAC. & REM CODE ANN. § 74.351(b); *Ogletree*, 262 S.W.3d at 319. Although the predecessor statute allowed a discretionary thirty-day extension for good cause and a mandatory thirty-day "grace period" where the failure to file the expert report was due to accident or mistake, the Texas Legislature eliminated the grace periods in 2003. *See* Act of June 2, 2003, 78th Leg., R.S. ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 864. Instead, the revised statute gives the trial court discretion to afford a claimant a thirty-day extension only to remedy a deficient, but curable, timely-filed report. *Id.*; *Ogletree*, 262 S.W.3d at 320.

It is undisputed that Chalfant did not timely file an expert report in this case. Nevertheless, he asserts that he is entitled to a thirty-day extension, citing *Scoresby v. Santillan*, 346 S.W.3d 546 (Tex. 2011) and *Samlowski v. Wooten*, 332 S.W.3d 404 (Tex. 2011). However, in both *Scoresby* and *Samlowski*, the claimants timely filed an expert report, and the defendants contended that the report was so deficient as to constitute "no report." *Scoresby*, 348 S.W.3d at 549; *Samlowski*, 332 S.W.3d at 411. And, in both cases, the court reaffirmed that the thirty-day extension was

11

only available where the report was timely served but deficient. *See Scoresby*, 348 S.W.3d at 549 (stating that the statute entitled defendant to dismissal if no expert report is timely served); *Samlowski*, 332 S.W.3d at 411 (noting that plaintiff in health care liability claim is required to serve expert report within 120 days of filing suit).[4]

Because Chalfant did not timely serve ARC and Brookdale with an expert report within 120 days of filing suit, the trial court had no discretion to grant him a thirty-day extension. *See Ogletree*, 262 S.W.3d at 320. Accordingly, we hold that the trial court did not err in denying Chalfant's motion for a thirty-day extension.

We overrule Chalfant's second issue.

## Ineffective Assistance of Counsel

In his fourth issue, Chalfant argues that he was denied effective assistance of counsel because his trial counsel failed "to fully investigate the severe injuries and damages that he had suffered" and "to apply the applicable law to the negligent care" that he received.

---

[4] Chalfant also relies on *Sorokolit v. Rhodes*, 889 S.W.2d 239 (Tex. 1994) and *Pack v. Crossroads, Inc.*, 53 S.W.3d 492 (Tex. App.—Fort Worth 2001, pet. denied). However, *Sorokolit* merely addressed the assertion of claims under the Deceptive Trade Practices Act in the medical-malpractice context, while *Pack* discussed the applicability of res ipsa loquitor to medical malpractice claims. *Sorokolit*, 889 S.W.2d at 242; *Pack*, 53 S.W.3d at 509. Neither case discusses the requirement of an expert report, and Chalfant did not raise res ipsa loquitor in this case. Accordingly, neither case is applicable to his appeal.

The doctrine of ineffective assistance of counsel generally does not extend to civil cases. *Culver v. Culver*, 360 S.W.3d 526, 535 (Tex. App.—Texarkana 2011, no pet.); *see also Cherqui v. Westheimer St. Festival Corp*, 116 S.W.3d 337 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (noting that Sixth Amendment of United States Constitution and Article I, Section 10 of Texas Constitution apply only to criminal prosecutions and not civil actions). An exception to the general rule has been created with regard to trial counsel in parental-rights termination cases. *See In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) ("[T]he statutory right to counsel in parental-rights termination cases embodies the right to effective counsel."). However, the instant suit does not fall within that exception. Accordingly, we conclude that the doctrine of ineffective assistance does not apply to Chalfant's health care liability claim.

We overrule Chalfant's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

13